ELISA GALLARDO SEARY, Plaintiff and Appellant, v. FRANCISCO CRESCIONI ET UX., Defendants and Appellants.

No. 6892.    Argued December 12, 1935.—Decided January 14, 1936.

R. H. Blondet and José S. Alegría for appellant.    Alfonso Lastra Chárriez and Justo A. Casablanca for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Elisa Gallardo Seary brought suit against Francisco A. Crescioni and his wife, Rosa Axtmayer, to recover a certain sum of money, and alleged that in July 1928 Santiago A. Panzardi, Ltd., had brought an action of debt against those spouses; that Panzardi levied an attachment on properties of the defendants and said attachment was released upon a bond furnished by plaintiff Gallardo and another person; that judgment was rendered in favor of Panzardi; that demand was made upon the sureties to pay said judgment, and in May 1929 a judgment was rendered ordering them to make such payment; that upon execution being issued against said sureties, plaintiff deposited in court the necessary sum to satisfy the judgment in favor of Panzardi; that demand has been made upon Crescioni and his wife to reimburse said sum but without success.

Against said complaint the defendants set up the defense that before judgment had been rendered in favor of Panzardi, Francisco A. Crescioni was declared a bankrupt, having included among his creditors the claim of Panzardi; that later he was released from all his debts; that he gave full information of all this to plaintiff Gallardo; that the latter did not inform Crescioni of the deposit she was going to make to pay Panzardi; and that by reason of the bankruptcy he was not bound to pay any sum to Panzardi, or to plaintiff.

The setting of the cause for trial was made in the general calendar of civil suits of the court, and was notified by the clerk to the attorney for defendants. The latter did not appear at the trial either personally or by their attorney, and after the evidence offered by the plaintiff was heard, judgment was rendered ordering Francisco A. Crescioni and Rosa Axtmayer jointly and severally to pay to Elisa Gallardo the sum claimed. Upon said judgment being notified to the attorney for defendants, the latter requested the court to vacate the same because they had received no notice of the day set for trial and because the answer of defendants set up a meri-

torious defense, which they had no opportunity to prove. The court vacated its judgment based on section 140 of the Code of Civil Procedure, and thereupon the plaintiff surety took the present appeal.

██ Not only was the setting of the case for trial in the general calendar of the court sufficient notice to the attorney for defendants, as we have held in several decisions, but also the clerk of the court notified said setting to said attorney, for which reason we can not hold in this case, under all its special circumstances, that there was error, inadvertence, surprise, or excusable neglect for the failure to appear at the trial on the day set. Hence, whether or not the defense of defendants was meritorious, they had an opportunity, which their attorney failed to avail of, to prove the defense they set up and to have it determined whether or not the same was meritorious. Plaintiff must not suffer the consequences of the conduct of the attorney for the defendants.

The order appealed from must be reversed.